**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Douglas Smith, | No. CV-87-234-TUC-CKJ |
| Petitioner, | DEATH PENALTY CASE |
| v. | |
| Charles L. Ryan, et al., | **ORDER** |
| Respondents. | |

Before the Court is Petitioner's Motion to Amend Petition for Habeas Corpus. (Doc. 257.) Respondents filed a response opposing the motion, asserting futility based on procedural defenses and lack of merit. (Doc. 259.) Petitioner did not file a reply. As set forth herein, the motion is granted and the parties are directed to file supplemental briefs on the merits of Petitioner's newly-amended claims.

## BACKGROUND

In 1996, United States District Court Judge Richard M. Bilby denied Petitioner's amended petition for habeas corpus relief, rejecting his claims as either meritless or procedurally barred. (Docs. 128, 133.) On appeal, the Ninth Circuit reversed as to Petitioner's convictions, finding that the trial judge's use of dual juries for Petitioner and his co-defendant, Joe Lambright, had violated both defendants' constitutional rights. *Lambright v. Stewart*, 167 F.3d 477 (9th Cir. 1999). An en banc panel of the circuit reversed. *Lambright v. Stewart*, 191 F.3d 1181 (9th Cir. 1999) (en banc). On remand, the three-judge

panel affirmed Petitioner's convictions but found that the state court's procedural bar of his sentencing ineffectiveness claim did not rest on independent state law grounds. *Smith v. Stewart*, 241 F.3d 1191 (9th Cir. 2001). This decision was reversed by the United States Supreme Court in *Stewart v. Smith*, 536 U.S. 856 (2002) (per curiam), following the Arizona Supreme Court's response to a certified question in *Stewart v. Smith*, 202 Ariz. 446, 46 P.3d 1067 (2002), concerning the operation of the preclusion provisions in Rule 32 of the Arizona Rules of Criminal Procedure. Although it found Petitioner's sentencing ineffectiveness claim procedurally defaulted, the United States Supreme Court "voice[d] no opinion on whether [Smith] has provided valid cause to overcome his procedural default in state court." 536 U.S. at 861.

After additional briefing on remand, the Ninth Circuit *sua sponte* ordered suspension of Petitioner's federal habeas appeal and remanded to the state court for a jury trial on whether Petitioner was mentally retarded and therefore ineligible for the death penalty under *Atkins v. Virginia*, 536 U.S. 304 (2002). *Smith v. Schriro*, No. 96-99025 (9th Cir. Aug. 10, 2004). On certiorari, the Supreme Court reversed the jury trial requirement, *Schriro v. Smith*, 546 U.S. 6 (2005) (per curiam), and the circuit panel entered a new order directing the state court to determine mental retardation by whichever method the state had adopted to make such determinations, *Smith v. Schriro*, No. 96-99025 (9th Cir. Dec. 12, 2005).

After extensive discovery and an evidentiary hearing, Pima County Superior Court Judge Jan Kearney ruled in March 2008 that Petitioner had failed to meet his burden of establishing mental retardation under A.R.S. § 13-703.02. The Arizona Court of Appeals affirmed in an unpublished memorandum decision, *Smith v. Kearney*, No. 2CA-SA-2008-0019, 2008 WL 2721155 (Ariz. App. Jul. 11, 2008), and the Arizona Supreme Court summarily denied review. Thereafter, the Ninth Circuit remanded the matter to this Court for an evidentiary hearing on whether Petitioner could show cause and prejudice to overcome the procedural default of his sentencing ineffectiveness claim. *Smith v. Schriro*, No. 96-99025 (9th Cir. Feb. 26, 2009.) The parties engaged in discovery and filed supplemental briefs, and District Judge John M. Roll held a one-day evidentiary hearing. On May 11,

2010, Judge Roll ruled that Petitioner had failed to establish cause to overcome the default of his sentencing ineffectiveness claim. (Doc. 239.)

On September 24, 2010, the Ninth Circuit again remanded, this time for the limited purpose of considering Petitioner's *Atkins* claim. (Doc. 254.) The instant motion to amend followed, and the case was reassigned to the undersigned judge.

## **STANDARD FOR AMENDMENT**

A petition for habeas corpus may be amended pursuant to the Federal Rules of Civil Procedure. 28 U.S.C. § 2242; *see also* Rule 12, Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (providing that the Federal Rules of Civil Procedure may be applied to habeas petitions to the extent the rules are not inconsistent with the habeas rules). Thus, the Court looks to Rule 15 of the Federal Rules of Civil Procedure to address a party's motion to amend a pleading in a habeas corpus action. *See James v. Pliler*, 269 F.3d 1124, 1126 (9th Cir. 2001). Leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), and courts must review motions to amend in light of the strong policy permitting amendment. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir. 1986). The factors which may justify denying a motion to amend are undue delay, bad faith or dilatory motive, futility of amendment, undue prejudice to the opposing party, and whether the petitioner has previously amended. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

## **DISCUSSION**

Respondents oppose amendment on the ground that Petitioner's proposed claims do not "relate back" to any of the claims in his original petition or amended petition. In doing so, Respondents assert that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to Petitioner's new claims. Although Petitioner failed to respond to this assertion, the Court finds AEDPA inapplicable.

In *Smith v. Mahoney*, 611 F.3d 978, 993-95 (9th Cir.), *cert. denied*, 131 S. Ct. 461 (2010), the Ninth Circuit held that AEDPA does not apply to petitions filed before AEDPA's April 24, 1996 effective date, even if the petition is amended with new claims arising after

1  that date. Here, Petitioner filed his original habeas petition in 1987 and an amended petition
2  in 1994. Although the District Court denied relief in 1996, appeal from that ruling is still
3  pending at the Ninth Circuit. Thus, as in *Smith*, the current proposed amendment is part of
4  the same original case and AEDPA does not apply. *See id.* at 994 ("Although Smith's
5  amended petition does not relate back to his original petition, it is part of the same *case*.");
6  *see also Lindh v. Murphy*, 521 U.S. 320, 335-36 (1997) (holding that Congress intended
7  AEDPA to apply "only to such *cases* as were filed after [AEDPA's] enactment").
8  Accordingly, Respondents' "relation back" argument fails.

9        Respondents also oppose amendment on the ground of futility, arguing that
10 Petitioner's *Atkins*-related claims lack merit. The Court, having reviewed Petitioner's
11 proposed amendment and Respondents' arguments in opposition, concludes that it lacks
12 sufficient information to fully address the merits of Petitioner's proposed claims. The
13 amendment is fairly summary, sets forth minimal caselaw, and does not identify or apply the
14 relevant habeas corpus standards of review. (*See* Doc. 258.) Respondents' brief in
15 opposition erroneously applies AEDPA standards. For these reasons, the Court declines to
16 deny amendment on the ground of futility and, because *Atkins* was decided after Petitioner
17 filed his original habeas petition, finds that the interests of justice support the proposed
18 amendment.

19       To assist the Court in resolution of Petitioner's new claims, the parties will be directed
20 to file supplemental merits briefs. If Petitioner believes the Court should permit discovery,
21 expand the record, or hold an evidentiary hearing with respect to any of his new claims
22 pursuant to pre-AEDPA habeas law and the Rules Governing § 2254 Cases, such arguments
23 shall be incorporated into his opening merits brief. Additionally, the parties' merits briefs
24 shall cite and apply the appropriate pre-AEDPA standards for review of the state court's
25 rulings. Finally, the Court notes that in preparation for the evidentiary hearing on cause and
26 prejudice, Respondents filed a paper copy of transcripts and other materials from the state
27 court record. (*See* Doc. 220 (allowing exception to electronic filing requirement).) That
28 filing was comprised of nine sequentially-numbered volumes, and Respondents provided a

copy to Petitioner. (Doc. 229.) To assist the Court, the parties are asked to cite to these documents in preparing the supplemental briefs ordered herein. If either party cites to materials from the state court record that are not contained in these nine volumes, such materials shall be appended to the merits brief and filed electronically.

Based on the foregoing,

**IT IS ORDERED** that Petitioner's Motion to Amend Petition for Habeas Corpus (Doc. 257) is **GRANTED**. The Clerk of Court shall file Petitioner's lodged "Amendments to Petition for Habeas Corpus" (Doc. 258) as a Supplement to his Amended Petition for Writ of Habeas Corpus (Doc. 78).

**IT IS FURTHER ORDERED** that no later than thirty (30) days from the filing of this Order, Petitioner shall file a Supplemental Merits Brief that conforms with the Court's directives herein.

**IT IS FURTHER ORDERED** that no later than thirty (30) days after Petitioner files his Supplemental Merits Brief, Respondents shall file a Response.

**IT IS FURTHER ORDERED** that no later than fifteen (15) days after Respondents files a Response, Petitioner shall file a Reply.

DATED this 16th day of February, 2011.

_____
Cindy K. Jorgenson
United States District Judge