**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Douglas Smith,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-87-234-TUC-CKJ<br><br>DEATH PENALTY CASE<br><br><br>**ORDER** |

In February 2009, the Ninth Circuit Court of Appeals remanded this matter for "an evidentiary hearing on the question whether Smith has established cause and prejudice to overcome the procedural default of his sentencing ineffectiveness claim and such other matters as the court may deem appropriate." *Smith v. Schriro*, No. 96-99025 (9th Cir. Feb. 26, 2009). Following an evidentiary hearing, Chief United States District Court Judge John M. Roll determined that Petitioner failed to establish cause. Subsequently, the Ninth Circuit again remanded for the limited purpose of considering a claim of mental retardation under *Atkins v. Virginia*, 536 U.S. 304 (2002). *Smith v. Schriro*, No. 96-99025 (9th Cir. Sept. 10, 2010). The matter was reassigned to the undersigned judge in February 2011, and the Court granted Petitioner's motion to amend his habeas petition to add several new claims arising from pursuit of state postconviction relief under *Atkins*. (Doc. 269.) The parties filed supplemental briefs addressing the merits of these claims, and the matter is presently under advisement.

In the intervening time since Judge Roll's consideration of Petitioner's cause arguments, the United States Supreme Court has issued two opinions addressing cause to excuse procedural default of counsel ineffectiveness claims. *See Martinez v. Ryan*, No. 10-1001, 2012 WL 912950 (U.S. Mar. 20, 2012) (ineffective assistance of state postconviction counsel as cause), and *Maples v. Thomas*, 132 S. Ct. 912 (2012) (abandonment by state postconviction counsel as cause). In light of these new cases, the parties are directed to file, within thirty (30) days of this Order, simultaneous supplemental briefs addressing the effect, if any, of *Martinez* and *Maples* on the cause issue in this case. Such briefs should also address the question of whether the Ninth Circuit's limited *Atkins* remand provides jurisdiction for this Court to reconsider Judge Roll's cause determination, should the Court determine that reconsideration is warranted.

**IT IS SO ORDERED.**

DATED this 21st day of March, 2012.

_____
Cindy K. Jorgenson
United States District Judge